Bryon E. Collins and Associates
310 K Street, Suite 200
Anchorage Alaska 99501
PHONE (907) 264-6765
FAX (907) 264-6745

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| JTS, LLC d/b/a JOHNSONS TIRE SERVICE, LLC. <br><br> Plaintiff, <br><br> vs. <br><br> NOKIAN TYRES PLC(FINLAND), NOKIAN TYRES, INC. (A Delaware Corp),and NOKIAN TYRES US HOLDINGS INC. (A Delaware Corp). <br><br> Defendants. | Case No.: 3:14-cv-___-_____ |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW, JTS, LLC, (herein after referred to as Plaintiff) a corporation in good standing incorporated in the State of Alaska hereby complains of defendants NOKIAN TYRESS PLC (FINLAND), Doing Business As: NOKIAN TYRESS US HOLDINGS INC., in turn Doing Business As: NOKIAN TYRESS INC., did purposefully and willfully breach Defendant's exclusive distribution agreement contract with JTS, LLC by assigning new distributors of Nokian Tyres Tires in the Territory of Alaska without proper and timely notice of a change in the territory assigned or review of the market and product mix penetration as required under the 2014 Exclusive Distribution Agreement. Plaintiff asserts claims for Breach of Contract, Violation of Good Faith and Fair Dealing and Treble Damages for violation of the State and

JTS, LLC v NOKIAN TYRESS, INC, et al. - Complaint
3:14-cv-_____-_____

Bryon E. Collins and Associates
310 K Street, Suite 200
Anchorage Alaska 99501
PHONE (907) 264-6765
FAX (907) 264-6745

Federal Unfair Trade Practices Acts. Plaintiff requests a trial by jury.

## I.    JURISDICTION & VENUE

1. Jurisdiction is proper in this court pursuant to 28 U.S.C. § 1332, because the Defendant is a resident of a foreign country, and the defendant's wholly owned and controlled subsidiaries are corporations incorporated under the laws of the State of Delaware, with its principal place of business in Vermont.

2. This court has jurisdiction over this action because the amount in controversy, without interest, costs or attorneys' fees, exceeds the amount specified by 28 U.S.C. § 1332.

3. Venue lies in this jurisdiction because the acts herein complained of occurred within the State of Alaska, and primarily within the Municipality of Anchorage Alaska.

## II.    IDENTIFICATION OF ENTITIES AND PARTIES

1. Plaintiff is an Alaska Limited Liability Corporation in good standing, has paid all taxes and filed all reports which are prerequisite to bringing this action, and has a principle place of business within the Municipality of Anchorage, State of Alaska. Plaintiff did business as JTS, LLC (aka Johnson's Tire Service).

2. Defendant NOKIAN TYRES, PLC, is incorporated in does business in Nokia, in the country of Finland, and is

JTS, LLC v NOKIAN TYRESS, INC, et al. - Complaint
3:14-cv-_____-_____
2
Case 3:14-cv-00254-JWS   Document 1   Filed 12/24/14   Page 2 of 13

Bryon E. Collins and Associates
310 K Street, Suite 200
Anchorage Alaska 99501
PHONE (907) 264-6765
FAX (907) 264-6745

the 100% owning and controlling Parent Company of NOKIAN TYRES US Holdings Inc. and NOKIAN TYRES INC. On information and belief, all of the Defendants are foreign owned corporations doing business in the United States. At all times pertinent to this Complaint, Defendants NOKIAN TYRES, PLC, through subsidiaries NOKIAN TYRES US HOLDINGS, INC, and NOKIAN TYRES INC., did business in Alaska and entered into contracts in Alaska with Plaintiff.

### III. CAUSES OF ACTION

3. This is an action seeking damages for breach of contract, breach of good faith, violation of the Federal Trade Commission Act, and violation of Alaska Unfair Trade Practices Acts, against Defendants based on Defendants' authorization of new distributors who are selling Nokian tires in Alaska without timely or proper termination or modification of Plaintiff's Exclusive Distribution Agreement with Nokian Tyres PLC.

### IV. FACTUAL BASIS FOR CLAIMS

1. Nokian Tyres PLC built its North American business through establishment of Exclusive Distribution Agreements with tire distributors such as JTS, LLC and acknowledged such in its annual report for 2013.
2. In 1998, Defendants and Johnsons Tire Service entered into a written and oral exclusive distributorship agreement whereby Defendants agreed to supply Nokian tires on specified terms and at specified prices. The

JTS, LLC v NOKIAN TYRESS, INC, et al. - Complaint
3:14-cv-_____-_____
3
Case 3:14-cv-00254-JWS   Document 1   Filed 12/24/14   Page 3 of 13

agreement included a territory exclusivity clause which provided in pertinent part that it would be Defendants' exclusive representative and distributors in the State of Alaska, and that it would not sell Defendant's product outside of Alaska.

3. At the time the parties entered the Exclusive Distribution Agreement, and each year after, it was understood and agreed that the terms specified therein would be in effect year to year January 1st through December 31st and automatically renewed unless changed in writing.

4. At all times relevant hereto, Defendants and Plaintiffs had a written Exclusive Distribution Agreement that Plaintiffs would be the exclusive distributors for Nokian Tires in the State of Alaska except for tires with No Designation, run flat/flat run designation, Forestry and Commercial Tires. The same renewal document was used from year to year.

5. Specifically, the Exclusive Distribution Agreement was documented in a Nokian Tyres Agenda dated April 12, 2012 for a meeting at Johnson's Tire Service Denali Street Corporate Offices where Kelly Gaede, Rich Lamar, Vatau Alenepi, Jari Lepisto, and Bryan Humphrys were present

6. The Exclusive Distribution Agreement was renewed for calendar year 2014 on December 31, 2013 by Nokian Customer Service Representative Bryan Humphrys via email and the attached unchanged Exclusive Distribution Agreement.

JTS, LLC v NOKIAN TYRESS, INC, et al. - Complaint
3:14-cv-_____-_____
4
Case 3:14-cv-00254-JWS   Document 1   Filed 12/24/14   Page 4 of 13

Bryon E. Collins and Associates
310 K Street, Suite 200
Anchorage Alaska 99501
PHONE (907) 264-6765
FAX (907) 264-6745

Bryon E. Collins and Associates
310 K Street, Suite 200
Anchorage Alaska 99501
PHONE (907) 264-6765
FAX (907) 264-6745

7. As of December 31st, 2013 Nokian had for the third year confirmed to JTS, LLC as part of its Exclusive Distribution Agreement financing terms in the amount of a credit limit of $2,000,000.00, interest at 6%, and delayed payments up to a maximum of $300,000.000 as set forth by Jari Lepisto of Nokian Tyres.
8. Nokian Tyres PLC and its subsidiaries charged JTS, LLC 12% interest in violation of the exclusive distribution agreement terms.
9. From time to time JTS, LLC and Nokian PLC and its subsidiaries has defended its exclusive distribution agreement against secondary market and primary market "poachers" who shipped containers of Nokian tires to other tire dealers in Alaska, including the fall of 2013 against Anchorage Tire Factory.
10. As a result of and in connection with its Exclusive Distributorship Agreement with Defendants, Plaintiffs over the course of 17 years expended substantial sums of money and devoted substantial time to building good will of the Nokian Brank in Alaska by introducing and exclusively marketing Nokian brand tires in Alaska.
11. Multiple times Defendants' agents traveled to Alaska to provide manufacturer support of Plaintiff's marketing efforts.
12. Defendants regularly sent JTS, LLC employees to the Nokian Tyres factory in Finland for training, plant tours, product launching, and to observe the testing and manufacturing of products.

JTS, LLC v NOKIAN TYRESS, INC, et al. - Complaint
3:14-cv-_____-_____
5

13. At all times relevant hereto, Plaintiff fully performed its obligations under the Exclusive Distributorship Agreement and Terms.

14. Nokian Tires comprised 50% of the JTS, LLC tire volume since 2006, as established at a meeting in New York City between Kelly Gaede and then CEO of Nokian Tyres PCL Kim Gran.

15. The annual tire orders were placed from Alaska and shipped out of Finland.

16. "Fill in" or small orders of individual tires or sets are shipped from Indiana.

17. At no time in 2013 or 2014 did anyone from Nokian come to visit or speak with JTS, LLC as the exclusive distributor in Alaska.

18. JTS, LLC placed an order for 2014 with Nokian Tyres of 5812 units of tires at a cost of $812,389.53 which was wrongfully rejected in violation of the terms of the exclusive distribution agreement. The average cost per tire was $139.78

19. Nokian Tyres PLC 2014 total profit on the 5812 units of tires ordered by JTS, LLC but distributed to Anchorage Tire Factory and Alyeska Tire in violation of the JTS, LLC exclusive Distribution agreement is 50% or $406,194.77.

20. Unbeknownst to JTS, LLC, Nokian Tyres in violation of the 2014 exclusive distribution agreement traveled to Alaska in early 2014 and entered into distribution agreements with Alyeska Tire and Anchorage Tire Factory, and shipped them tires which were sold in Alaska during 2014.

JTS, LLC v NOKIAN TYRESS, INC, et al. - Complaint
3:14-cv-_____-_____
6
Case 3:14-cv-00254-JWS   Document 1   Filed 12/24/14   Page 6 of 13

Bryon E. Collins and Associates
310 K Street, Suite 200
Anchorage Alaska 99501
PHONE (907) 264-6765
FAX (907) 264-6745

Bryon E. Collins and Associates
310 K Street, Suite 200
Anchorage Alaska 99501
PHONE (907) 264-6765
FAX (907) 264-6745

21. JTS, LLC covered some of its damages by securing alternate sourcing of winter tires, but could not secure all sizes or the premium line studded winter tires in time for the 2014 winter season.

22. JTS, LLC ordered and received 9289 units of replacement tires from alternate manufacturers at a cost of $ $957,393.46. 103.07/tire (599,042.84 were Nokian replacements).

23. As a result of Nokian Tyres PLC and its subsidiaries breach of contract with JTS, LLC, JTS, LLC lost a profit of $213,346.69.

24. Nokian tires come pre-studded and JTS, LLC had to pay $35,925.73 for studs, and $6,598.05 for the labor to install the studs on the replacement tires.

25. $31,776.77 in new brand specific advertising was spent in 2014 on the changeover to the new brands of tires which replaced Nokian due to the breach of contract by Nokian Tyres PLC and its subsidiaries.

26. Nokian Tyres has wrongfully refused to reimburse JTS, LLC $41,300.00 for its 1.5% 2013 CO-OP share of the advertising and marketing costs as allowed under the exclusive distribution agreement.

27. JTS, LLC is current in its account with Nokian Tyres.

### V. FIRST CAUSE OF ACTION- BREACH OF CONTRACT

28. Plaintiff reiterates and incorporates herein the factual allegations contained in paragraphs 1-27 above.

JTS, LLC v NOKIAN TYRESS, INC, et al. - Complaint
3:14-cv-_____-_____

Bryon E. Collins and Associates
310 K Street, Suite 200
Anchorage Alaska 99501
PHONE (907) 264-6765
FAX (907) 264-6745

29. Alaska Statute 45.02.102 provides that the UCC applies to transactions in "goods" which are defined by AS 45.02.105 as "all things, including specially manufactured goods that are moveable at the time of identification of the contract for sale…."

30. Pursuant to Alaska Statute 45.02.204, "[a] contract for sale of goods may be made in any manner sufficient to show agreement, including conduct by both parties that recognizes the existence of the contract." Such an agreement maybe formed even if "the moment of its making is undetermined" and there may be terms left open. AS 45.02.204(b), (c).

31. December 31st, 2013 Nokian Tyres Inc., as was consistent with the well-established prior course of dealings between the parties, continued the Exclusive Distribution Agreement with Johnson's Tire Service (JTS, LLC) for the purchase and distribution of Nokian brand Tires in the State of Alaska.

32. JTS, LLC and Nokian Tyres Inc. Legal Counsel defended JTS, LLC's exclusive distribution agreement in the fall of 2013 against Anchorage Tire Factory for importing a container of Nokian tires in violation of the JTS, LLC Exclusive Distribution Agreement as well as the Tire Factory Agreements not to sell Nokian in Alaska.

33. JTS, LLC and Nokian Tyres legal counsel sent cease and desist letters to Anchorage Tire Factory on or about October/November 2013.

34. On or about, Plaintiffs JTS, LLC d/b/a Johnsons Tire Service, LLC and Kelly Gaede again learned that

JTS, LLC v NOKIAN TYRESS, INC, et al. - Complaint
3:14-cv-_____-_____
8
Case 3:14-cv-00254-JWS   Document 1   Filed 12/24/14   Page 8 of 13

Bryon E. Collins and Associates
310 K Street, Suite 200
Anchorage Alaska 99501
PHONE (907) 264-6765
FAX (907) 264-6745

Nokian brand tires subject to the Exclusive Distribution Agreement were once again being sold in Alaska by another one of Defendants' customers.

35. Plaintiffs promptly advised Defendants of these repeat violations of the exclusive distribution agreement and sent a written notice to stop the unlawful actions to Nokian Tyres PLC.

36. Defendants failed to take any action to enforce JTS, LLC exclusive distribution agreement and instead Defendants flew to Alaska and entered into distribution agreements with Alyeska Tire and Anchorage Tire Factory to continue selling tires in violation of the exclusive distribution agreement with Plaintiffs.

37. Said failure of Defendant to abide by the Exclusive Distribution Agreement constitutes a breach of contract and has caused economic harm to JTS, LLC through lost profits, un-reimbursed Co-Op expenses, and additional labor and material costs.

38. Defendant wrongfully profited from the sale of Nokian Tires in the Exclusive territory of JTS, LLC.

39. All of which is a violation of the Alaska and Federal Unfair Trade Practices Acts.

## VI. SECOND CAUSE OF ACTION- BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

40. Plaintiff reiterates and incorporates herein the factual allegations contained in paragraphs 1-39 above.

41. On or about May 2014, Plaintiff learned that

JTS, LLC v NOKIAN TYRESS, INC, et al. - Complaint
3:14-cv-_____-_____
Case 3:14-cv-00254-JWS   Document 1   Filed 12/24/14   Page 9 of 13

Bryon E. Collins and Associates
310 K Street, Suite 200
Anchorage Alaska 99501
PHONE (907) 264-6765
FAX (907) 264-6745

Nokian brand tires were being sold in Alaska by Anchorage Tire Factory and Alyeska Tire. Plaintiff promptly advised the CEO of Nokian Tyres PLC of the situation and JTS, LLC's exclusive distribution agreement.

42. After being notified of the breach of the 2014 Exclusive Distribution Agreement, Defendants failed to take an action to discontinue said Alaska sales, and on information and belief Defendants continued supplying tires to Anchorage Tire Factory and Alyeska Tire in violation of JTS, LLC's exclusive distribution agreement.

43. Said failure to act by Defendants constitutes a breach of the implied covenant of good faith and fair dealing contained in the parties' Agreement.

44. By knowingly supplying and continuing to supply Nokia brand tires to a customer other than Plaintiff within Plaintiff's exclusive territory, Defendants breached the implied covenant of good faith and fair dealing implied in all contracts, including JTS, LLC's Exclusive Distribution Agreement.

45. Said failure of Defendant to abide by the Exclusive Distribution Agreement constitutes a violation of good faith and fair dealing and has caused economic harm to JTS, LLC through lost profits, un-reimbursed Co-Op expenses, and additional labor and material costs.

46. Defendant wrongfully profited from the sale of Nokian Tires in the Exclusive territory of JTS, LLC.

JTS, LLC v NOKIAN TYRESS, INC, et al. - Complaint
3:14-cv-_____-_____
10
Case 3:14-cv-00254-JWS   Document 1   Filed 12/24/14   Page 10 of 13

Bryon E. Collins and Associates
310 K Street, Suite 200
Anchorage Alaska 99501
PHONE (907) 264-6765
FAX (907) 264-6745

47. All of which is a violation of the covenant of good faith and fair dealing implied in all contracts.

## VII. THIRD CAUSE OF ACTION- VIOLATION OF ALASKA UNFAIR TRADE PRACTICES ACT (UFTPA) 45.50.471

48. Plaintiff reiterates and incorporates herein the factual allegations contained in paragraphs 1-47 above.

49. Defendant's willful and deliberate breach of the exclusive distribution agreement with JTS, LLC is also a violation of the Alaska Unfair Trade Practices Act AS 45.50.471(11, 12, 14, and 16), and is subject to treble damages and full costs and attorney's fees under the Alaska Statute.

50. Defendant's willful and deliberate violation of the covenant of good faith and fair dealing is a breach of the exclusive distribution agreement with JTS, LLC and also a violation of the Alaska Unfair Trade Practices Act AS 45.50.471(11, 12, 14, and 16), and is subject to treble damages and full costs and attorney's fees under the Alaska Statute.

51. Alaska law provides under Alaska Statute 45.50.545. Interpretation. In interpreting AS 45.50.471 due consideration and great weight should be given the interpretations of 15 U.S.C. 45(a)(1) (Sec. 5(a)(1) of the Federal Trade Commission Act)

52. Defendant's willful and deliberate breach of the exclusive distribution agreement with JTS, LLC is a violation of Section 5 of the Federal Trade Commission

JTS, LLC v NOKIAN TYRESS, INC, et al. - Complaint
3:14-cv-_____-_____
11
Case 3:14-cv-00254-JWS   Document 1   Filed 12/24/14   Page 11 of 13

Bryon E. Collins and Associates
310 K Street, Suite 200
Anchorage Alaska 99501
PHONE (907) 264-6765
FAX (907) 264-6745

Act, also known as the Unfair Trade Practices.

53. Defendant's willful and deliberate violation of the covenant of good faith and fair dealing is a breach of the exclusive distribution agreement with JTS, LLC and a violation of Section 5 of the Federal Trade Commission Act.

54. The failure of Defendant to abide by the Exclusive Distribution Agreement constitutes an Unfair Trade Practice, and has caused economic harm to JTS, LLC through lost profits, un-reimbursed Co-Op expenses, and additional labor and material costs.

55. Defendant wrongfully profited from the sale of Nokian Tires in the Exclusive territory of JTS, LLC because of the breach of the Exclusive Distribution Agreement with JTS, LLC for 2014.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff JTS, LLC prays for relief, as follows:

A. For lost profits, labor, material, and costs, as well as Defendant's profits from the sale of Nokian Tires through other tire distributors in Alaska in violation of JTS, LLC's exclusive Distribution Agreement in the amount of $692,618.23.

B. The damages listed above in A. are trebled as allowed under the Alaska Unfair Trade Practices Acts AS 45.50.471-561 to $2,077,854.69.

C. For judgment against Defendants NOKIAN TYRES PLC(FINLAND), NOKIAN TYRES, INC. (A Delaware Corp), and NOKIAN TYRE US HOLDINGS (A Delaware Corp)in favor of JTS, LLC in the amount of $2,077,854.69 plus

JTS, LLC v NOKIAN TYRESS, INC, et al. - Complaint
3:14-cv-_____-_____
12
Case 3:14-cv-00254-JWS   Document 1   Filed 12/24/14   Page 12 of 13

Bryon E. Collins and Associates
310 K Street, Suite 200
Anchorage Alaska 99501
PHONE (907) 264-6765
FAX (907) 264-6745

statutory interest thereon from the time of judgment, as well as full costs and fees.

D. A trial by jury.

E. For such other and further relief as the Court deems just and equitable.

DATED this 23rd day of December, 2014.

                                              s//
                              Bryon E. Collins, AKBAR # 0805025
                              Attorney for JTS, LLC
                              Bryon E. Collins & Associates, LLC
                              310 K Street, Ste 200
                              Anchorage, AK 99501
                              Phone: 907-264-6765
                              Fax: 907-264-6745

CERTIFICATE OF SERVICE
I hereby certify that on 23rd December, 2014
a true and correct copy of the foregoing was
served via express mail delivery upon:

Nokian Finland
VIA: Finland Minestry of Justice

Nokian Tyres Inc. and
Nokian Tyres US Holdings Inc.
VIA: Registered Agent

 s//
_____
Bryon E. Collins & Associates, LLC

JTS, LLC v NOKIAN TYRESS, INC, et al. - Complaint
3:14-cv-_____-_____
13