# UNITED STATES DISTRICT COURT

# DISTRICT OF ALASKA

| | | |
|---|---|---|
| JTS, LLC dba Johnson's Tire Service, | ) | |
| | ) | |
| Plaintiff, | ) | 3:14-cv-254 JWS |
| | ) | |
| vs. | ) | ORDER AND OPINION |
| | ) | |
| Nokian Tyres PLC, Nokian Tyres, Inc, | ) | [Re: Motion at Doc. 25] |
| and Nokian Tyres U.S. Holdings, Inc., | ) | |
| | ) | |
| Defendants. | ) | |

At docket 25 defendant Nokian Tyres, Inc. ("Nokian") moves to strike the motion to amend the complaint filed at docket 20 by plaintiff JTS, LLC ("JTS"). Nokian's memorandum supporting the motion is at docket 26. JTS' responsive memorandum is at docket 29. Nokian's reply is at docket 31.

Nokian's motion relies on Fed. R. Civ. P. 12(f). That rule provides as follows:

> The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

The rule goes on to say that the court may act *sua sponte* or on a motion made by a party.

Rule 12(f), upon which Nokian expressly relies, refers to material contained in "a pleading." Fed. R. Civ. P. 7(a) defines the term pleadings. Motions are not pleadings.[1] The substance of Nokian's motion is that JTS' motion to amend does not conform to

---

[1] Motions are the subject of Fed. R. Civ. P. 7(b).

the local rules. Such an asserted defect is something which can and should be addressed in the response to the motion to amend. This court is tasked with construing and administering the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action and proceeding."[2] It is antithetical to the goal of Rule 1 to countenance the use of a motion to strike when its substance may be stated in a response to the motion sought to be struck.

The motion at docket 25 is DENIED.

DATED this 10th day of June 2015.

                               /s/ JOHN W. SEDWICK
                     SENIOR UNITED STATES DISTRICT COURT

---

[2] Fed. R. Civ. P. 1.