# UNITED STATES DISTRICT COURT

## DISTRICT OF ALASKA

| | |
|---|---|
| JTS, LLC d/b/a JOHNSON'S TIRE SERVICE, LLC, | ) ) |
| Plaintiff, | ) 3:14-cv-00254 JWS |
| vs. | ) ORDER |
| NOKIAN TYRES PLC; NOKIAN TYRES, INC. | ) [Re: Motions at Dockets 68, 75] |
| Defendants. | ) ) |

At docket 68, Defendants filed a motion for sanctions or, alternatively, a motion to compel based upon Plaintiff's failure to provide initial disclosures as required by Rule 26(a)(1). Plaintiff responds at docket 71. Defendants reply at docket 74. Defendants then filed a motion to compel at docket 75 based upon Plaintiff's failure to respond to discovery requests. Plaintiff did not file a response. Oral argument was not requested and would not be of additional assistance to the court.

## INITIAL DISCLOSURES (Motion at docket 68)

Plaintiff filed its complaint on December 24, 2014. Shortly thereafter Plaintiff's attorney, Bryon E. Collins, was suspended from the practice of law. Attorney Lance Wells entered an appearance on Plaintiff's behalf. On August 25, 2015, Plaintiff filed a motion to stay proceedings and deadlines, which the court granted. Thereafter, a new attorney, Vikram Chaobal, entered an appearance on behalf of Plaintiff. The

proceedings remained stayed until March of 2016 at which time the court issued an amended scheduling and planning order.[1]  Pursuant to the amended order, the parties were to exchange initial disclosures by April 4, 2016.  Plaintiff did not file its disclosures.  Rather, Mr. Chaobal withdrew from the case, and, in May of 2016, Plaintiff's current counsel entered an appearance.  Plaintiff did not file any request to extend the Rule 26 discovery deadline.  On June 8, 2016, almost two months after the deadline, Plaintiff provided only 122 pages of discovery consisting of an internet printout of Defendants' "interim report" from January through September of 2014; Defendants' 2013 annual report; some previously discovered affidavits; and a few emails and correspondence.[2]  Plaintiff did not provide any documentation bearing on the damages Plaintiff alleged in its complaint, as required under Rule 26(a)(1)(A)(iii) and as specifically requested by Defendants' counsel in correspondence.  The parties conferred on the matter, but Plaintiff nonetheless did not produce thorough initial disclosures.  Defendants then filed their motion for sanctions or to compel at docket 68, asking that the court preclude Plaintiff from using any subsequently disclosed information or witnesses or, alternatively, order Plaintiff to provide the required discovery and award attorneys' fees to Defendants.

In its response, Plaintiff acknowledges that it has failed to adequately produce the required initial discovery.  It states that the reason for the delay has been due to the change in counsel and bankruptcy proceedings.  It argues, however, that it has recently started producing documents and that on July 22, 2016, it produced "binders" of records.[3]  Plaintiff asserts that "[b]y the time the court . . . [rules] on this matter, defense

---

[1]Doc. 54.

[2]Doc. 69 at p. 3.

[3]Doc. 71 at p. 3.

counsel will have all Rule 26(a) disclosures [fully] availed, included a damages computation."[4]  Moreover, it argues that any delay has been harmless.

Defendants filed their reply on August 8, 2016.  They challenge the adequacy of Plaintiff's disclosures related to damage calculations that were provided after Plaintiff filed its response.  They assert that while a number of financial spreadsheets have been produced, the spreadsheets do not provide any meaningful computation of damages, and there is no other support documentation provided.

Rule 26(a)(1)(A)(iii) requires that Plaintiff provide a computation of any damages claimed and allow for inspection and copying of any supporting documentation.  A computation assumes some sort of analysis or assessment.[5]  Plaintiff has not adequately placed Defendants on notice as to the amount of damages claimed nor has it adequately explained or supported the alleged amount as required under the rule.[6]  Therefore, Defendants' motion at docket 68 is GRANTED as follows:

Given that the litigation is still in the discovery phase,[7] the court will provide Plaintiff with additional time to comply with Rule 26(a)(1)(A)(iii) rather than sanction Plaintiff by precluding any evidence of damages at this time.  Plaintiff is directed to provide a computation of damages, along with any supporting documentation, on or before October 3, 2016.  Plaintiff is put on notice that if there are further delays in providing the ordered discovery, the court will preclude Plaintiff from using late-provided evidence on a motion, at a hearing, or at trial.[8]

---

[4]Doc. 71 at p. 4.

[5]*Maharaj v. Cal. Bank & Trust*, 288 F.R.D. 458, 463 (E.D. Cal. 2013).

[6]*See Design Strategy, Inc. v. Davis*, 469 F.3d 284, 295 (2d Cir. 2006) ("[B]y its very terms Rule 26(a) requires more than providing– without any explanation– undifferentiated financial statements; it requires a 'computation,' supported by documents.").

[7]At docket 73 the court extended the discovery deadlines in accordance with the request at docket 66.

[8]Fed. R. Evid. 37(c).

**REQUEST FOR DISCOVERY RESPONSES (Motion at docket 75)**

At docket 75, Defendants request that the court compel Plaintiff to respond to the discovery requests propounded by Defendants on June 30, 2016. Plaintiff did not respond to the motion to compel and, therefore, Defendants' motion is well taken.[9] Their motion at docket 75 is GRANTED. However, because the court has provided Plaintiff with additional time to comply with its discovery obligations under Rule 26, the court will also extend Plaintiff's deadline for answering Defendants' requests for admissions, interrogatories, and requests for production. Plaintiff is directed to serve its answers and written responses to Defendants' interrogatories and requests for admissions and to respond to their requests for production on or before October 3, 2016.

**ATTORNEYS' FEES**

Pursuant to Rule 37(a)(5) the court awards Defendants their reasonable attorneys' fees and expenses directly related to the drafting of the motions at dockets 68 and 75. Defendants are directed to file an accounting, setting forth the specific amount requested and supporting calculations on or before October 3, 2016. Plaintiff may file a response within seven days of Defendants' filing.

DATED this 21st day of September 2016.


/s/ JOHN W. SEDWICK
SENIOR JUDGE, UNITED STATES DISTRICT COURT

---

[9] D.AK. L.R. 7.1 (e)(1).