# UNITED STATES DISTRICT COURT

# DISTRICT OF ALASKA

| | |
|---|---|
| JTS, LLC d/b/a JOHNSON'S TIRE SERVICE, LLC, | ) ) ) |
| Plaintiff, | ) 3:14-cv-00254 JWS ) |
| vs. | ) ORDER AND OPINION ) |
| NOKIAN TYRES PLC; and NOKIAN TYRES, INC., | ) [Re: Motions at Docket 87 and 102] ) ) |
| Defendants. | ) ) |

## I. MOTIONS PRESENTED

At docket 87 defendants Nokian Tyres PLC and Nokian Tyres, Inc. (collectively, "Nokian") move to dismiss the complaint of JTS, LLC d/b/a Johnson's Tire Service, LLC ("JTS") pursuant to Federal Rule of Civil Procedure 37. JTS opposes at docket 92; Nokian replies at docket 93.

At docket 102 Nokian submits a motion styled as a "Request for Ruling," which contains supplemental facts and argument relevant to its motion at docket 87. JTS did not timely respond to this motion. To the extent the motion at docket 102 is a standalone motion, it is denied as moot in light of today's ruling on the motion at docket 87. In ruling on the motion at docket 87, the court has not considered any facts or arguments found in the motion at docket 102 because Local Rule 7.1(I) allows a party to submit supplemental briefing and facts only with leave of court, and Nokian did not seek leave of court to supplement its briefing on the motion at docket 87.

Oral argument was not requested and would not assist the court.

## II. BACKGROUND

The court has described the background giving rise to this litigation in detail in the order at docket 33. It need not be repeated here. Suffice it to say for purposes of the present motion that JTS has repeatedly violated the Federal Rules with regard to its initial disclosures[1] and responses to Nokian's discovery requests.[2] JTS' initial-disclosure mis-steps began when it served initial disclosures on April 7, 2016, that lack the damages computation required by Rule 26(a)(1)(A)(iii).[3] Its discovery-response mis-steps began when it failed to timely respond to Nokian's 11 interrogatories, 20 requests for production ("RFPs"), and 51 requests for admission ("RFAs").[4]

---

[1] Fed. R. Civ. P. 26(a).

[2] Fed. R. Civ. P. 33, 34, and 36.

[3] Doc. 68-4 at 4.

[4] Doc. 76-1 at 1–31.

Two discovery motions ensued. Regarding JTS' damages disclosure, Nokian moved at docket 68 for Rule 37 sanctions or, alternatively, to compel Nokian to comply with Rule 26(a)(1)(A)(iii). JTS opposed the motion at docket 71, stating that it would provide a proper damages disclosure by August 4.[5] On July 28, JTS produced to Nokian several spreadsheets that set out its claimed damages,[6] but JTS failed to support its figures with any analysis or documentation. Regarding JTS' discovery responses, Nokian moved at docket 75 for an order compelling JTS to respond to its requests. JTS did not respond to the motion.

Before the court ruled on Nokian's motions, Nokian notified the court that as of September 9 JTS had not yet "responded to the requests for production and interrogatories that form the basis of" its motion at docket 75.[7] Nokian did not mention that JTS had served Nokian in mid-August with a 14-page response to Nokian's discovery requests wherein JTS responded to all of the RFAs at issue in Nokian's motion at docket 75 except for RFA No. 8.[8]

On September 21 the court granted both of Nokian's motions, ordering JTS to serve Nokian on or before October 3 with a proper computation of its damages, including any supporting documentation, and with responses to Nokian's discovery

---

[5]Doc. 71 at 3.

[6]*See* doc. 74-1 at 1–5; 92-1 at 2 ¶ 5.

[7]Doc. 80.

[8]*See* doc. 88-1 at 1–3. Because the record contains only a three-page excerpt of this document, its exact content is unclear. JTS' counsel admits that it contains only a "partial response" to Nokian's discovery requests. Doc. 92-1 at 2 ¶ 8.

-3-

requests.⁹ On October 7, Nokian filed the present motion, arguing that JTS had failed to (1) disclose its damages computation in a manner that complies with Rule 26; (2) respond to Nokian's interrogatories, RFPs, and RFA No. 8; (3) comply with the court's order at docket 83 compelling JTS to perform the above two tasks; (4) provide timely expert reports; and (5) respond to Nokian's motion at docket 81 to preclude JTS from offering expert witness evidence. Nokian's fourth and fifth arguments were also at issue in Nokian's separate motion at docket 81 to preclude JTS from presenting expert witness evidence; these arguments are moot in light of the court's order at docket 90 granting the motion.

On October 17, after Nokian filed the present motion, JTS submitted supplemental responses to Nokian's discovery requests. JTS asserts that it has now "responded to all interrogatories, requests for production and requests for admission."¹⁰

### III. STANDARD OF REVIEW

Nokian's motion seeks sanctions under Rule 37(c)(1) and (b)(2)(A)(v). Rule 37(c)(1) provides in pertinent part that "[i]f a party fails to provide information . . . as required by Rule 26(a) . . . , the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." "Implicit in Rule 37(c)(1) is that the burden is on the party facing sanctions to prove harmlessness."¹¹ A district court's discretion to issue

---

⁹Doc. 83.

¹⁰Doc. 92-1 at 5.

¹¹*Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001).

-4-

Rule 37(c)(1) sanctions is given "particularly wide latitude."[12]  Rule 37(c)(1) also provides that, in addition to or instead of this sanction, the court may impose other appropriate sanctions, including the sanctions listed in Rule 37(b)(2)(A)(i)–(vi).

Rule 37(b)(2)(A) applies where a party "fails to obey an order to provide or permit discovery, including an order under" Rule 37(a).  It authorizes the court where the action is pending to issue "further just orders," including dismissal of the action in whole or in part.[13]  "[S]anctions imposed under Rule 37(b) must be left to the sound discretion of the trial judge."[14]  Yet, where the court is considering the drastic sanction of dismissal under Rule 37(b)(2)(A)(v), the court's "range of discretion is narrowed and the losing party's non-compliance must be due to willfulness, fault, or bad faith."[15]  If such a finding is made, the court must weigh the following five factors in determining whether dismissal is warranted: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."[16]  "Where a court order is violated, the first and second

---

[12]*Yeti by Molly*, 259 F.3d at 1106.

[13]Fed. R. Civ. P. 37(b)(2)(A)(v).

[14]*Von Brimer v. Whirlpool Corp.*, 536 F.2d 838, 844 (9th Cir. 1976).

[15]*Fjelstad v. American Honda Motor Co.*, 762 F.2d 1334, 1337 (9th Cir. 1985) (citations and internal punctuation omitted).

[16]*Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987).

-5-

factors will favor sanctions and the fourth will cut against them. Therefore, whether terminating sanctions [are] appropriate [will turn] on the third and fifth factors."[17]

## IV. DISCUSSION

### A. JTS' Violation of Rule 26(a) and the Court's Order

There is no dispute that JTS violated the court's order at docket 83 by not amending its damages disclosure by October 3 to bring it into compliance with Rule 26(a)(1)(A)(iii). The only questions are whether sanctions are warranted and, if so, which ones.

The court previously warned JTS that if there were further delays in providing the ordered disclosures, "the court [would] preclude [JTS] from using late-provided evidence on a motion, at a hearing, or at trial."[18] The drafters of Rule 37 intended for this sanction to be "self-executing" and "automatic" except where the party's failure was substantially justified or harmless.[19] This would be a harsh, nearly terminating sanction in this case because the non-disclosed information here consists of JTS' evidence of damages. JTS cannot avoid this result, however, because it has not shown that its failure was either substantially justified or harmless.

In its opposition, JTS does not argue that its failure to comply with Rule 26(a)(1)(A)(iii) was substantially justified or harmless. It not even directly acknowledge that it has failed to amend its disclosures. Instead, it asserts that the

---

[17] *Computer Task Grp., Inc. v. Brotby*, 364 F.3d 1112, 1115 (9th Cir. 2004).

[18] Doc. 83 at 3 (citing Fed. R. Civ. P. 37(c)(1)).

[19] *Yeti by Molly*, 259 F.3d at 1106.

spreadsheets it produced in July contain "the requested damages computation,"[20] ignoring the deficiencies in those spreadsheets that the court identified at docket 83.[21] The only justification for JTS' disobedience that the court can glean from JTS' opposition is the assertion made by JTS' counsel, Christopher V. Hoke ("Hoke"), that his father was admitted to the emergency room on September 25 after a traumatic fall causing head injuries, "requiring 3 days of hospitalization and subsequently providing home care not planned [sic] created a professional malaise, negatively affecting productivity or an inclination to be proactive."[22] The court is generally sympathetic when a family emergency temporarily diverts an attorney's attention away from his or her professional responsibilities. But ,there is more going on here than that. According to his own affidavit, Hoke resumed working on this case by October 5 at the latest.[23] Hoke does not explain why JTS was unable to supplement its disclosures shortly thereafter. To the court's knowledge, JTS still has not supplemented its disclosures, even though the court's deadline expired over three months ago. This failure is neither substantially justified nor harmless.[24]

---

[20] Doc. 92 at 1.

[21] See doc. 74-1 at 1–5; doc. 83 at 3.

[22] Doc. 92 at 3.

[23] See doc. 92-1 at 4 ¶ 26.

[24] See Wong v. Regents of Univ. of California, 410 F.3d 1052, 1062 (9th Cir. 2005) (holding that a discovery delay was not harmless because "[c]ourts set such schedules to permit the court and the parties to deal with cases in a thorough and orderly manner, and they must be allowed to enforce them, unless there are good reasons not to.").

-7-

In light of JTS' repeated failure to comply with Rule 26(a) without showing substantial justification or harmlessness, an exclusionary sanction is mandatory under Rule 37(c)(1). JTS will be prohibited from using on any motion, at any hearing, or at trial, any evidence that it has failed to disclose to Nokian under Rule 26(a)(1)(A)(iii).

As an alternative to this sanction, Nokian seeks dismissal of JTS' complaint under Rule 37(b)(2)(A)(v). The court is well within its discretion to conclude that JTS' repeated failure to disclose its damages computations, failure to disclose any documents that support those computations, and its refusal to obey this court's order constitutes willfulness, fault, or bad faith. The court need not make such a determination, however, because on balance the court concludes that the exclusionary sanction imposed is sufficient under the circumstances. Outright dismissal is not yet warranted. JTS is on notice, however, that should it continue to flaunt the discovery rules or this court's orders, the remainder of its case will be subject to dismissal.

**B.     JTS' Discovery Responses**

There is no dispute that JTS also violated the court's order at docket 83 by not responding to Nokian's interrogatories, RFPs, and RFA No. 8 by October 3. Nokian seeks dismissal sanctions on this basis under Rule 37(b)(2)(A)(v). JTS contends that its failure to comply with the court's order is not attributable to its own willfulness, fault, or bad faith, but rather to Hoke, who was responsible "for missing certain deadlines."[25] This blame-the-lawyer defense is of no avail, however, as "the faults and defaults of the

---

[25]Doc. 92 at 6.

attorney may be imputed to, and their consequences visited upon, his or her client."[26] Although Hoke suffered a family emergency during a portion of the time that JTS had to comply with the court's order, the court is within its discretion to find willfulness, fault, or bad faith in JTS' failure to comply with the court's order in light of its history of evasion and dilatory tactics and its failure to seek an extension of time.

Turning to the "*Malone* factors,"[27] the court finds that Nokian was only slightly prejudiced by the delay between the court's October 3 deadline and October 17, when JTS finally produced its responses to the requested discovery. Because less drastic monetary sanctions are available and appropriate, this prejudice does not justify terminating sanctions. JTS is on notice, however, that such sanctions will be reconsidered if it continues to disobey this court's orders.

Finally, Nokian objects to the substance of many of JTS' interrogatory and RFP responses. The court declines to consider these objections because they must be raised in a separate motion to compel after Nokian confers or attempts to confer with JTS to obviate such a motion. In an attempt to head off such a motion, however, the court will note that it has reviewed Nokian's objections and they appear to be well-founded.

---

[26]*W. Coast Theater Corp. v. City of Portland*, 897 F.2d 1519, 1523 (9th Cir.1990). *See also Malone*, 833 F.2d at 134 (same); *Anderson v. Air West, Inc.*, 542 F.2d 522, 526 (9th Cir. 1976) (same).

[27]*In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1236 (9th Cir. 2006).

**C.     Expenses**

Pursuant to Rule 37(b)(2)(C), the court awards Nokian its reasonable expenses, including attorney's fees, caused by JTS' failure to comply with the court's order at docket 83. Nokian is directed to file an accounting, setting forth the specific amount requested and supporting calculations on or before January 20, 2017. JTS may file a response within seven days of Nokian's filing.

### V.  CONCLUSION

For the reasons set forth above, Nokian's motion at docket 87 is GRANTED IN PART AND DENIED IN PART as follows: JTS is hereby prohibited from using in any motion, at any hearing, or at trial, any evidence that it has failed to disclose to Nokian under Rule 26(a)(1)(A)(iii), and JTS is ordered to pay Nokian's reasonable expenses caused by its failure to comply with the court's order at docket 83. In all other respects, Nokian's motion at docket 87 is DENIED. Nokian's motion at docket 102 is DENIED.

DATED this 6th day of January 2017.

/s/ JOHN W. SEDWICK
SENIOR JUDGE, UNITED STATES DISTRICT COURT