# UNITED STATES DISTRICT COURT

# DISTRICT OF ALASKA

| | |
|---|---|
| JTS, LLC dba Johnson's Tire Service, | ) |
| | ) |
| Plaintiff, | ) 3:14-cv-254 JWS |
| | ) |
| vs. | ) ORDER AND OPINION |
| | ) |
| Nokian Tyres PLC, and Nokian Tyres, Inc., | ) [Re: Motions at |
| | ) Dockets 104 and 116] |
| | ) |
| Defendants. | ) |

## I. MOTIONS PRESENTED

At docket 104 defendants Nokian Tyres, PLC and Nokian Tyres, Inc. (collectively "Nokian") moved for summary judgment against plaintiff JTS, LLC ("JTS"). JTS' response was due on January 20, 2017. No response was filed.

A week after the response was due, on January 27, 2017 at docket 116, JTS moved for an extension of time in which to respond to the motion for summary judgment at docket 104. The motion was supported at docket 117 by the Declaration of Chrisotpher V. Hoke, JTS' lawyer. Nokian responded at docket 120. JTS did not file a reply. Oral argument was not requested, and it would not assist the court.

## II BACKGROUND

The background of this lawsuit was set out in the court's order at docket 33. It need not be repeated here. For present purposes, the following points should be

noted.  First, the claims made by JTS against Nokian are for breach of contract, breach of the covenant of good faith and fair dealing, and violation of the Alaska Unfair Trade Practices Act.  Second, Nokian's motion for summary judgment on those claims was filed on December 30, 2016.  Third, under the applicable local rule, JTS' response was due on January 20, 2017.  Fourth, JTS did not request to extend the time for the response beyond January 20, 2017, until it filed the motion at docket 116 on January 27, 2017.

### III.  DISCUSION

Rule 56(d) of the Federal Rules of Civil Procedure provides that where the non-moving party "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition," then the court may, among other things, allow the non-moving party more time, the relief JTS seeks here.  Rule 6(b) of the Federal Rules of Civil Procedure provides that where something must be done within a specific time, the court may extend the time for good cause "where the request is made, before the original time or its extension expires."  However, where, as here, the request to extend time is made after the time has expired, the requesting party must show excusable neglect.  There is nothing in the motion at docket 116 or in Mr. Hoke's declaration which addresses the concept of excusable neglect.  Rather, the papers read as if the request to extend time had been made before time expired and, thus, they focus exclusively on showing good cause why essential facts cannot be presented without additional time.  For this reason, the motion at docket 116 should be denied.

Even overlooking JTS' failure to show excusable neglect, the motion at docket 116 lacks merit.  JTS' lawyer argues that he needs more time in order to make use of facts to be obtained at the depositions of Bernie Del Luca and Dennis Gaede noticed for January 30, 2017.  The suggestion that more time is needed to obtain information from Dennis Gaede is belied by the fact that Mr. Gaede is JTS' own expert witness from whom JTS could have obtained an affidavit or declaration at any time after seeing the motion made by Nokian, with the possible exception of an opinion based on Del Luca's testimony.  Thus, the focus is on Del Luca's testimony.  Concerning Del Luca, JTS points out that at his January 12, 2017 deposition, Del Luca gave testimony

-2-

which would support an anti-trust claim against Nokian. Counsel explained, "the bulk of plaintiff's opposition is completed regarding contracts and unfair trade practices analysis, [but] counsel requires additional time to study the [Del Luca testimony] and the unlawful nature of the vertical restraints placed on [JTS] by Nokian, and testimony of Dennis Gaede to be received on 1/30/17." There is no anti-trust claim pending in this lawsuit, and JTS has not specified a reason why the additional evidence is essential to dispute Nokian's motion for summary judgment on the claims which actually are being litigated. In the Hoke declaration, one additional item is noted. Hoke says that Nokian has not responded to discovery requests which JTS propounded. Neither in the declaration nor in the motion is there any indication of what was being sought or why it would be evidence essential to opposing the motion for summary judgment.

The court now turns to the unopposed motion for summary judgment at docket 104. An examination shows that the motion is well reasoned and well supported. It has not been timely opposed. Because the motion at docket 104 appears to have merit on the record before the court, it should be granted.

## V. CONCLUSION

For the reasons above, the motion at docket 116 is DENIED, and the motion for summary judgment at docket 104 is GRANTED. All other pending motions are denied as moot. The Clerk will please enter judgment for the defendants.

DATED this 13th day of February 2017.


/s/ JOHN W. SEDWICK
SENIOR JUDGE, UNITED STATES DISTRICT COURT